UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JONATHAN L. BOLDEN, # 397450,** § | |
| § | |
| **Plaintiff** § | |
| § | |
| v. § | **Civil Action** |
| § | **No. SA-16-CV-86-DAE** |
| **L.V.N. WALLACE,** § | |
| § | |
| **Defendants** § | |

# D I S M I S S A L   O R D E R

Before the Court are Plaintiff Jonathan L. Bolden's 42 U.S.C. § 1983 Civil Rights Complaint and Application to Proceed In Forma Pauepris (IFP).

Bolden is in the custody of the Bexar County Detention Center (BCDC). Bolden's § 1983 Complaint seeks to sue L.V.N. Wallace, alleging Nurse Wallace has been responsible on several occasions for reporting Bolden for faking medical emergencies resulting in Bolden being denied pain medication and being subjected to disciplinary action. Bolden seeks damages and declaratory relief.

Pursuant to 28 U.S.C. § 1915(g) a prisoner that has three or more prior federal civil actions dismissed as frivolous, malicious, or for failure to state a claim, may not proceed IFP without a showing he is "under imminent danger of serious physical injury." Bolden has three or more previous federal actions that were dismissed as frivolous or for failure to state a claim. *See Bolden v. Bexar County Sheriff's Dept.*, No. 7-CA-778-FB (W.D. Tex., *dismissed for failure to state a claim* Jan. 22, 2008); *Bolden v. Diaz*, No. 9-CA-1012 (W.D. Tex., *dismissed for failure to state a claim and as frivolous* May 6, 2010); *Bolden v. Goldstein*, No. 10-CA-48 (W.D. Tex., *dismissed as frivolous* July 7, 2010); *Bolden v. Pamerleau*, No. 14-CA-490-OG (W.D. Tex., *dismissed for failure to state a claim* Aug. 29, 2014).

Bolden's current Complaint is vague, conclusory, subjective, and fails to allege facts that would support a claim he is subject to imminent danger of serious physical injury from Defendant Wallace, and therefore Bolden is barred pursuant to § 1915(g) from proceeding IFP.  *See White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir.1998) ("'vague and utterly conclusory assertions" are insufficient' to allege an "imminent danger of serious physical injury" as required by § 1915(g)).

Furthermore, Bolden's current Complaint fails to allege a non-frivolous civil rights claim.

Title 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii) and 1915A(b)(1)-(2) require this Court to screen an IFP or prisoner's complaint and dismiss the complaint if the court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from an immune defendant.  An action is frivolous where there is no arguable legal or factual basis for the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).  To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  A conclusory complaint, one that fails to state material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992), *Moody v. Baker*, 857 F.2d 256, 257 (5th Cir.), *cert. denied*, 488 U.S. 985 (1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F.3d 417, 426 (5th Cir.), *cert. denied*, 549 U.S. 825 (2006).

To state a civil rights claim for the denial of adequate medical attention, a plaintiff must allege the state authorities were deliberately indifferent to the plaintiff's serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1978).  Deliberate indifference is an extremely high standard to meet; and a plaintiff must show he has a serious medical condition and

the state officers or authorities knowingly ignored his complaint, refused to provide him care, or deliberately mistreated him. *See Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755-56 (5th Cir. 2001). Negligence is not a basis for a civil rights action under § 1983, *see Daniels v. Williams*, 474 U.S. 327, 329-336, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986), and "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. at 106. "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006).

Bolden alleges no facts that would support a claim Wallace was deliberately indifferent to his serious medical needs or is deliberately mistreating him, and even if Wallace's diagnosis or course of treatment is incorrect, this would amount to no more than negligence, which is not a basis for a civil rights claim. *See id.* "[C]onclusory allegations or legal conclusions masquerading as factual conclusions, are insufficient to state a claim under § 1983." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Furthermore, Bolden has no cause of action to challenge the disciplinary proceedings in this civil rights action. In *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997), the Supreme Court held "[a prisoner's] claim for declaratory relief and money damages, based on [alleged due process violations in the course of a prison disciplinary hearing] that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."

Qualified immunity extends to government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Determination of qualified immunity claims require a court to

examine: whether the facts a plaintiff alleges or has shown make out a constitutional violation; and whether the constitutional right allegedly violated was "clearly established" at the time the events in question occurred.  *See Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).  DefendantWallace in his individual capacity is entitled to invoke qualified immunity and Bolden failed to allege *particular facts* sufficient to show he is not entitled to qualified immunity.  *See Wicks v. Mississippi State Emp't Servs.*, 41 F.3d 991, 995 (5th Cir.), *cert. denied*, 515 U.S. 1131 (1995).

Accordingly, Plaintiff Bolden's IFP Application is **DENIED**, and his § 1983 Complaint is **DISMISSED WITHOUT PREJUDICE** because he is barred from proceeding IFP, and is **DISMISSED WITH PREJUDICE** for failure to state a non-frivolous claim and because he seeks relief against an immune defendant.  All other pending motions are **DENIED** as moot.

**DATED:**  February 1, 2016

_____
David Alan Ezra
Senior United States Distict Judge